IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW S. LOGUE, Individually and as Administrator of THE ESTATE OF SHELBY ANN. LOGUE, | : : : : | 1:16-cv-1823 |
| Plaintiff, | : : | Hon. John E. Jones III |
| v. | : : | |
| PATIENT FIRST CORPORATION, Individually and/or/ doing business as PATIENT FIRST URGENT CARE, EAST YORK, PATIENT FIRST URGENT CARE, EAST YORK, and ESMARALDA DEL ROSARIO, | : : : : : : : | |
| Defendants, | : | |

## **MEMORANDUM & ORDER**

## **July 26, 2017**

Presently pending before the Court is Plaintiff's motion for transfer of venue to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a). (Doc. 19) (the "Motion"). Plaintiff is Matthew S. Logue, in both his individual capacity and as Administrator of the Estate of his deceased wife, Shelby Ann Logue. The Defendants are Patient First Corporation, Patient First Urgent Care East York[1], and Dr. Esmeralda Del Rosario. In Count I, Plaintiff

---

[1] Defendants assert that there is no entity named "Patient First Urgent Care East York", and that the proper defendant is Patient First Pennsylvania Medical Group, PLLC. (Doc. 24, p. 1). Both parties understand that this action refers to the practice entity located at 2960 East Market Street in York, Pennsylvania, which operates as "Patient First Urgent Care East York". (Doc. 24, p. 13)

1

brings a professional negligence and survival action against Del Rosario. In Count II, Plaintiff brings a professional negligence and survival action against Patient First Corporation and Patient First Urgent Care East York. In Count III, Plaintiff brings a claim under the Pennsylvania Wrongful Death Act against all Defendants.

Stated briefly, Plaintiff's claims arise out of medical treatment his wife received at several Patient First facilities. Since March 2001, Shelby Logue was a patient of Patient First and sought treatment primarily from its location in Bel Air, Maryland. (Doc. 1, Ex. B, ¶ 11). Beginning in March 2012, Mrs. Logue also sought regular treatment from Patient First Urgent Care East York. (*Id*., at ¶¶ 12, 13). In advance of a septoplasty and tonsillectomy, Mrs. Logue underwent pre-operative testing at Patient First Urgent Care East York and was seen by Del Rosario. (*Id*., at ¶ 25). Del Rosario referred Mrs. Logue to a cardiologist for a stress echocardiogram. (*Id*., at ¶ 27). The cardiologist wrote in a report that Mrs. Logue's echocardiogram was normal, but noted concerns with her respiratory status. (*Id*., at ¶ 32).

Plaintiff alleges that this report was sent to Patient First Corporation, Patient First Urgent Care East York , and/or Del Rosario. (*Id*., at ¶ 34). Despite this, Del Rosario did not order or perform any respiratory or pulmonary workup or consultation for Mrs. Logue's surgical clearance. (*Id*., at ¶ 39). Mrs. Logue

---

(Doc. 1, Ex. B, p. 1). To avoid confusion, we will refer to this Defendant as "Patient First Urgent Care East York", as the Complaint names it.

underwent further pre-operative testing at Patient First's location in Bel Air, Maryland, but did not undergo any respiratory tests. (*Id*., at ¶ 45). Ultimately, Mrs. Logue was cleared for surgery by a doctor at the Patient First Bel-Air, Maryland location. (*Id*., at ¶ 44). Following surgery at the SurgCenter of Bel Air, LLC, Mrs. Logue experienced respiratory problems and subsequently passed away. (*Id*., at ¶¶ 59-69).

Plaintiff initiated this action in the Court of Common Pleas of York County, Pennsylvania on August 12, 2016. (Doc. 1, ¶ 12). Defendants filed a Notice of Removal to this Court on September 9, 2016. (Doc. 1). On December 12, 2016, Plaintiff filed a separate, substantially similar complaint in the United States District Court for the District of Maryland against Patient First Corporation, Patient First Urgent Care Bel Air, and other Defendants for actions arising out of the same course of events. (Doc. 24, Ex. A). On June 5, 2017, Plaintiff filed the instant motion to transfer, which has been fully briefed. (Docs.20, 24, 29). Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), failure to join indispensable parties.[2] (Doc. 21). Defendants' motion has also been fully briefed. (Docs. 22, 23, 25). However, because we shall grant Plaintiff's motion to transfer, we do not reach the Defendant's motion to dismiss.

---

[2] Curiously, each of the "indispensable parties" are named in Plaintiff's Maryland action. Plaintiff seeks transfer of the instant action to Maryland so that this action may be consolidated with the pending Maryland action, which would result in the addition of these "indispensable parties."

## I. LEGAL STANDARD

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A determination pursuant to section 1404(a) is governed by federal law. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877–878 (3d Cir.1995) (federal law applies because questions of venue are procedural, rather than substantive).

The party moving to transfer venue has the burden of demonstrating that: (1) venue is appropriate in the transferee district; and (2) the transfer is in the interests of justice, considering the balance of conveniences while keeping in mind that a plaintiff's choice of forum "should not be lightly disturbed". *See id.*, at 878–79. In addition to the three factors enumerated in § 1404(a) (convenience of the parties, convenience of the witnesses, and interests of justice), courts consider many variants of the interests enumerated, such as the plaintiff's forum preference, the defendant's forum preference, in what venue the claim arose, the location of the evidence (where the files could not physically be produced in an alternate forum), the enforceability of the judgment, and "practical considerations that could make trial easy, expeditious, or inexpensive." *Id*.

## II. ARGUMENT

As aforementioned, the first step in considering a motion to transfer venue pursuant to 28 U.S.C. § 1404 is to determine whether venue is appropriate in the transferee district. This action is based in diversity jurisdiction, so venue is governed by 28 U.S.C. § 1391(b), which provides three options for venue: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." We are satisfied that the second option of venue articulated in § 1391(b) is applicable: Mrs. Logue underwent her surgery in Maryland, which ultimately led to her untimely death. (Doc. 1, Exhibit B, ¶ 46). Plaintiff's claims are based in claims of professional negligence in the pre-operative testing for this surgery. While Del Rosario and Patient First Urgent Care East York's actions did not necessarily take place in Maryland, because the surgery occurred there and both Defendants acted in furtherance of clearance for that surgery, we conclude that "a substantial part of the events or omissions giving rise to the claim" occurred in Maryland. 28 U.S.C. § 1391(b)(2).

Having determined that venue in the District of Maryland would be initially proper under the enumerated venue provisions of 28 U.S.C. 1391(b), we turn next to Defendants' arguments that transfer of venue is nonetheless inappropriate. Defendants argue that transfer of venue is not appropriate for four reasons: (1) the Medical Care Availability and Reduction of Error Act ("MCARE Act") requires that this action be brought in the district in which the facility in question is located; (2) the United States District Court for the District of Maryland lacks personal jurisdiction over Patient First Urgent Care East York; (3) Plaintiff has failed to allege a change in circumstances warranting transfer; and (4) Plaintiff has failed to satisfy his burden to establish compelling factors to warrant transfer of venue. (Doc. 24, p. 2). We shall address each argument in turn.

First, Defendants argue that the MCARE Act requires venue to be in the county in which the cause of action arose. (Doc. 24, p. 9). Importantly, Defendants do not cite to any provision in the MCARE act, but rather cite to Pennsylvania Rule of Civil Procedure 1006(a.1). (*Id.*). Rule 1006(a.1) is a state civil procedure rule that requires medical professional liability claims to be brought in the county in which the cause of action arose. Pa. R.C.P. 1006(a.1). While Plaintiff does not dispute that the MCARE Act provides some of the substantive law applicable to his claims, he points out that the MCARE Act itself has no venue provision and that Pennsylvania procedural rules have no place in federal court. (Doc. 29, pp. 1-

2). We agree with Plaintiff. State rules governing venue are undoubtedly procedural, and such rules are supplanted in federal cases by applicable federal procedural rules- in this case, the federal venue statute codified at 28 U.S.C. § 1391. *See Jumara*, 55. F.3d at 877 ("'[q]uestions of venue . . . are essentially procedural, rather than substantive, in nature'" and federal law applies) (*quoting Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1991)). We therefore reject Defendants' first argument against transfer of venue.

Defendants next argue that venue is inappropriate because Patient First Urgent Care East York is not subject to personal jurisdiction in the District of Maryland.[3] (Doc. 24, pp. 11-14). As stated earlier, 28 U.S.C. § 1404 imposes a predicate requirement to transfer of venue that venue is appropriate in the transferee district, and certainly, venue is not appropriate in a district that does not have personal jurisdiction over a defendant. Federal Rule of Civil Procedure 4(e) "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). The applicable Maryland provision is Md. Code Ann., Cts. & Jud. Proc. § 6-103, which provides in relevant part:

---

[3] Defendants do not dispute that Del Rosario and Patient First Corporation are considered residents of Maryland and would therefore be appropriately subject to personal jurisdiction and venue in the District of Maryland.

>(b) A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
>. . .
>
>(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

Md. Code Ann., Cts. & Jud. Proc. § 6-103(b). Defendants' brief in opposition simply lists each provision of the Maryland long arm statute and baldly states that it is not applicable to Patient First Urgent Care East York. (Doc. 24, p. 14). We disagree. Plaintiff's complaint alleges that Patient First Urgent Care East York committed professional negligence in Pennsylvania that caused an injury in Maryland. (Doc. 1, Ex. B). This is a basis for personal jurisdiction in Maryland pursuant to the fourth provision of its long arm statute if Patient First Urgent Care East York "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State." Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4).

We have no problem concluding that the provision is satisfied. Patient First Urgent Care East York is affiliated with Patient First Corporation and its Patient First location in Bel Air, Maryland. (Doc. 1, Ex. B., ¶¶ 11-12). Mrs. Logue

8

switched between being treated at the East York and the Bel Air locations for treatments, and indeed received pre-operative testing for the same surgery at both locations. (*Id.*, at ¶¶ 11, 12, 23, 24). The facilities shared medical records with one another and worked together to provide Mrs. Logue with her care. (*Id.*). This entwinement of the East York and the Bel Air locations, both as branches of Patient First Corporation, is sufficient to illustrate regularly conducted business in the state of Maryland and a persistent course of conduct in the state of Maryland to satisfy personal jurisdiction under Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4). We therefore reject Defendants' second argument against transfer of venue.

Third, Defendants assert that Plaintiff has not demonstrated a change in circumstances since filing this action that would warrant transfer of venue. (Doc. 24, pp. 15-16). We easily reject this argument, as Plaintiff initiated a lawsuit in the District of Maryland that concerns the same course of events and names a common Defendant following the inception of the action in this Court. (Doc. 24, Ex. A).

Fourth, Defendants argue that Plaintiff is unable to show that private and public interests weigh in favor of transfer of venue. (Doc. 24, pp. 17-18). The Supreme Court articulated certain interests to consider in determining whether transfer of venue is appropriate in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), which the Defendants properly summarized in their brief. Some of the private interests to be considered are "(i) the plaintiff's chosen forum, (ii) the ease

of access to sources of proof, (iii) availability of compulsory process over unwilling witnesses, (iv) the cost of attendance of willing witnesses, (v) obstacles to a fair trial, (vi) preference of the defendant, (vii) whether the claim arose elsewhere, (viii) the location of records and a (ix) possibility of a jury view of the premises." (Doc. 24, p. 17). Some of the public interests include (i) placing the burden of jury duty on those having the closest ties to the action, (ii) local interest in having the matter adjudicated at home and (iii) jury familiarity with the forum court and applicable law." (*Id.*).

Defendants argue that the interests weigh against transfer of venue, primarily because the cause of action arose out of events in Pennsylvania- specifically Mrs. Logue's treatment at Patient First Urgent Care East York. (*Id.*, at p. 18). Further, Defendants point to the following: Plaintiff initially chose York, Pennsylvania, the relevant physical documents are in Pennsylvania, the Patient First Urgent Care East York facility employees who may need to be witnesses reside in Pennsylvania, Defendants may be required to retain local counsel in Maryland, and a Pennsylvania court has more familiarity with the law of this action than a the District of Maryland. (*Id.*, at pp. 18-19).

Considering all of the Defendants' arguments, we find that both private and public interests weigh in favor of transfer of venue to the District of Maryland. The surgery for which Mrs. Logue was ultimately cleared occurred in Maryland, as

10

well as other pre-operative testing. Transfer to Maryland would be convenient for the parties, as Del Rosario resides in Maryland and Plaintiff resides in York County, Pennsylvania, which is very close to Maryland. Further, the other healthcare providers who treated Mrs. Logue are located in Maryland. Thus, the convenience of both the potential witnesses and the parties favors venue in Maryland. Additionally, we see no particular considerations that would make venue in Pennsylvania more convenient, expeditions, inexpensive, or fair. Speaking to a concern raised by the Defendants, we are not convinced that the location of records has any bearing on the venue interests, as most records are kept electronically. Most importantly, trial of this case in Maryland is the most expeditious and economical use of judicial resources because of the other pending lawsuit filed by Plaintiff in the District of Maryland. The public interest in judicial economy and conservation of resources weighs in favor of transfer.

 Finally, Defendants assert that transfer to the District of Maryland and consolidation with the other lawsuit would produce an inequitable result due to the differences in substantive law between Maryland and Pennsylvania. (Doc. 24, pp. 19-21). At this juncture, choice of law issues are premature and not for this Court to decide. We have the utmost confidence in the ability of our colleagues in the District of Maryland to skillfully parse through any issues regarding the differences in law between the two actions, should they be consolidated.

### III. CONCLUSION

We therefore find that venue is both proper and appropriate in the District of Maryland. Transfer of venue promotes the efficient use of judicial resources and provides better convenience for the parties of both this action and the pending lawsuit in Maryland. Thus, we shall grant the Plaintiff's Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to transfer venue (Doc. 19) is **GRANTED**.

2. The Clerk of Court **SHALL TRANSFER** the file on this case to the United States District Court for the District of Maryland.

s/ John E. Jones III  
John E. Jones III  
United States District Judge